**Denise P. EDWARDS, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**THE FIRST AMERICAN CORPORATION, et al., Defendants.**

**No. CV 07–3796 SJO (FFMx).**

United States District Court, C.D. California.

Dec. 10, 2007.

See also 251 F.R.D. 454, 2008 WL 2461703.

Cyril V. Smith, Peter N. Nothstein, Zuckerman Spaeder, Baltimore, MD, David Oakley, Edward G. Kramer, The Fair Housing Law Clinic, Cleveland, OH, James W. Spertus, Lawrence C. Jones, James W. Spertus Law Offices, Los Angeles, CA, Martin E. Wolf, Richard S. Gordon, Quinn Gordon & Wolf Chtd., Towson, MD, for Plaintiff.

Bradley A. Benbrook, Charles J. Stevens, Stevens & O'Connell, Sacramento, CA, Brian J. Recor, Gustavo A. Torres, Joel D. Siegel, Keith D. Klein, Bryan Cave LLP, Santa Monica, CA, Charles A. Newman, Douglas W. King, Darci F. Madden, Byran Cave LLP, St. Louis, MO, for Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

S. JAMES OTERO, District Judge.

This matter is before the Court on Plaintiff Denise Edwards' Motion for Class Certification, filed September 25, 2007. Defendants First American Title Insurance Company ("FATIC") and The First American Corporation ("First American") filed an Opposition, to which Edwards replied. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7–15, the Court found this matter suitable for disposition without oral argument and vacated the hearing set for November 5, 2007. Because Edwards' proposed class is not certifiable under Rule 23(b), her Motion is DENIED without prejudice.

## I. *BACKGROUND*

Edwards purchased a home in Ohio. Her title agency, Tower City Title Agency, LLC ("Tower City"), referred her to FATIC—a wholly-owned subsidiary of First American— for title insurance. (Edwards Decl. ¶ 3.) Edwards believes this referral was unlawful under the Real Estate Settlement Procedures Act ("RESPA"), which prohibits the exchange of "a thing of value" for title insurance referrals. 12 U.S.C. § 2607. Specifically, Edwards claims that First American purchased 17.5% of Tower City at an inflated price; in exchange, Tower City agreed to

refer all future Ohio title insurance business "exclusively" to FATIC. (Compl. ¶¶ 15–16.)

Further, Edwards alleges that Defendants have perpetrated this scheme in a uniform manner across the United States by purchasing a stake in more than 100 title agencies at inflated prices in exchange for exclusive referrals. (Compl. ¶¶ 3, 21.) Edwards seeks to bring class action on behalf of all customers referred to FATIC by a title agency partially owned by First American.

Now, Edwards moves for class certification.

## II. *DISCUSSION*

The party moving for class certification bears the burden of showing that class action satisfies the four well-known requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy—as well as one of the three requirements of Rule 23(b). *Zinser v. Accufix Research Inst.,* 253 F.3d 1180, 1186 (9th Cir.2001).

Edwards seeks certification of the following nationwide class: All consumers who (on or after June 12, 2006) entered into federally related mortgage loan transactions using the services of a title agency (or similar entity) owned in part by First American (or its subsidiaries) in which the HUD–1 Settlement Statement (or other document in the loan file) includes a charge or payment for title insurance issued by FATIC. (Mot. 2.) Excluded from the class are Defendants' current and former executives. (Mot. 2.)

Edwards contends that this class may be certified under Rule 23(b)(1)(A), (b)(2), or (b)(3).

### A. *Class Action Is Not Appropriate Under Rule 23(b)(1)(A).*

■ Rule 23(b)(1)(A) permits class action if "separate actions would create a risk of varying adjudications 'which would establish incompatible standards of conduct for the party opposing the class.'" *McDonnell Douglas Corp. v. U.S. Dist. Court,* 523 F.2d 1083, 1086 (9th Cir.1975) (quoting Fed. R.Civ.P. 23(b)(1)(A)). The purpose of this rule is "primarily to prevent a defendant

from being caught in a classic 'Catch 22' situation where one court orders a defendant to take certain action which another court orders the same defendant not to take." *Bogosian v. Gulf Oil Corp.,* 62 F.R.D. 124, 131–32 (E.D.Pa.1973), *vacated on other grounds,* 561 F.2d 434 (3d Cir.1977). Accordingly, the "incompatible standards of conduct" language must be interpreted to mean that separate judgments in separate actions could impose requirements on the defendants that are impossible to simultaneously fulfill. *McDonnell Douglas,* 523 F.2d at 1086 (citing *La Mar v. H & B Novelty & Loan Co.,* 489 F.2d 461, 466 (9th Cir.1973)).

■ Edwards seeks to permanently restrain Defendants from charging and collecting fees for title insurance referred by all title agencies owned in part by First American. (Compl. Prayer for Relief ¶ C.) Because there is no danger that another court will order First American to affirmatively charge and collect the fees Edwards' injunction would prohibit, certification under Rule 23(b)(1)(A) is inappropriate.

■ Edwards contends that should separate plaintiffs bring separate lawsuits, the result could be conflicting outcomes: one court could enjoin a referral agreement as unlawful, while another court could uphold the agreement as lawful. (Mot. 13.) Yet, this argument—that the same legal question could be decided differently by different courts—has been rejected by the Ninth Circuit. *See, e.g., McDonnell Douglas,* ("[Although] separate actions could reach ... inconsistent resolutions of the same question of law [and] might establish 'incompatible standards of conduct' in the sense of different legal rules governing the same conduct[,] subdivision (b)(1)(A) was not intended to permit class actions simply when separate actions would raise the same question of law.").

Edwards' proposed class cannot be certified under Rule 23(b)(1)(A).

### B. *Class Action Is Not Appropriate Under Rule 23(b)(2).*

■ Rule 23(b)(2) permits class action if the defendant has acted in a manner applicable to the class generally, making injunctive

or declaratory relief appropriate with respect to the class as a whole. "In order to permit certification under [Rule 23(b)(2)], [any] claim for monetary damages must be secondary to the primary claim for injunctive or declaratory relief." *Molski v. Gleich,* 318 F.3d 937, 947 (9th Cir.2003); *see also* Fed. R.Civ.P. 23(b)(2) advisory committee note (1966) ("The subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages.").

■ Here, Edwards' claim is primarily for money damages. Although she seeks injunctive relief, monetary damages are the "essential goal" of the litigation. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 860 (9th Cir.2001) ("[I]f Plaintiffs succeed in obtaining a significant award of monetary damages, they will likely accomplish . . . their essential goal [even] without . . . an injunction."). Further, an injunction has little value to the class when compared to the potentially enormous amount of damages at stake.[1] *See Linney v. Cellular Alaska P'ship,* 151 F.3d at 1240. Finally, if monetary recovery were not available, Edwards would be unlikely to bring suit to obtain solely injunctive relief. *See Molski,* 318 F.3d at 950 n. 1537.

Edwards' proposed class cannot be certified under Rule 23(b)(2).

## C. *Class Action Is Not Appropriate Under Rule 23(b)(3).*

■ Rule 23(b)(3) permits class action if (1) common questions of law predominate over individual questions and (2) class action is the superior method of adjudication. "Where, after adjudication of the classwide issues, [the] plaintiffs must still introduce a great deal of individualized proof to argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)." *Klay v. Humana, Inc.,* 382 F.3d 1241, 1255 (11th Cir.2004).

Here, common questions do not predominate. Edwards has proposed a class that includes any consumer referred to FATIC by 180 different title agencies. (Wawersich Decl. ¶¶ 14–18.) She alleges that referrals made by these title agencies are unlawful because each title agency received a "thing of value" when First American overpaid that title agency for an ownership interest. Edwards contends that all 180 transactions were executed through agreements that were identical in at least one respect: "title agents were paid to direct their title insurance to [FATIC]." (Mot. 15.) Even if this were true, the question remains whether this payment was a "thing of value." Edwards' theory of liability requires that First American's payment was greater than what it received in return, an ownership interest in the title agency. To recover for the class, Edwards would have to scrutinize all 180 transactions by which First American obtained a stake in a title agency (of which, 179 are irrelevant to Edwards' individual claim) to show that First American overpaid.

Edwards' proposed class cannot be certified under Rule 23(b)(3).

## D. *Limited Class Certification Discovery Is Appropriate.*

"Mindful of the [Local Rule 23–3] deadline for filing a class certification motion" (Mot. 19), Edwards served Defendants with interrogatories and document requests and noticed depositions more than a month before the deadline. (Gordon Decl. Exs. 9–10.) Defendants refused to respond to this discovery. (Gordon Decl. Exs. 9–10.) Edwards requests an opportunity to engage in class certification discovery. (Mot. 19) ("If this Court determines that the Requirements of Rule 23 have not been met at this time, it should permit [Edwards] to undertake class-related discovery.").

■ "[U]nder some circumstances[,] the failure to grant discovery before denying class treatment is reversible error." *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304,

---

1. Edwards' potential damages alone exceed $1000. (Compl. ¶¶ 23–25.) Edwards seeks class damages on behalf of 1000 other customers of Tower City, as well as the customers of 180 other title agencies. If Edwards and Tower City represent the average customer and title agency, class damages surpass $180 million.

1313 (9th Cir.1977). "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir.1975).

■ Discovery will not produce evidence that a class involving 180 title agencies is certifiable. Edwards hopes to find 180 identical agreements that require referrals. (Mot. 19–20.) As discussed above, this will not eliminate the Court's concern that individual issues predominate. Further, discovery regarding 180 title agencies would require extensive time and cost, with little probability of resolving the individual factual issues that prevent Rule 23(b)(3) certification.

However, discovery may yield evidence that a smaller class consisting of all consumers referred to FATIC by Tower City is certifiable. Defendants argue in passing that a Tower City class could not be certified, but the issue was not sufficiently briefed for the Court to conclude that discovery would be futile. Discovery narrowly aimed at this smaller class would significantly decrease the time and cost of discovery. Although there are potential obstacles to certification—particularly, individual questions of fact and law—discovery could resolve these issues.

III. *RULING*

Because certification of Edwards' proposed class is not appropriate under Rule 23(b), her Motion for Class Certification is DENIED without prejudice.

Edwards must file her second motion for class certification on or before **February 25, 2008.** Discovery on the issue of class certification must be completed by **February 11, 2008.**

IT IS SO ORDERED.

